UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-07147-CAS-AS | Date | November 9, 2015 |
|---|---|---|---|
| Title | CHAVIRA, ET AL. V. EL RANCHO UNIFIED SCHOOL DISTRICT, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| CONNIE LEE | DEBBIE GALE | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| John Holcomb, Jr. | Brianne Gardner | |

**Proceedings:**  PLAINTIFFS' MOTION TO REMAND (filed October 9, 2015, dkt. 14)

DEFENDANTS' MOTION TO DISMISS (filed September 25, 2015, dkt. 12)

## I.  INTRODUCTION

On June 9, 2015, plaintiffs Sergio Chavira (through his guardian *ad litem* Rosa Chavira), Jonathan Rivera (through his guardian *ad litem* Maria G. Rivera), and Salvador Francia (through his guardian *ad litem* Salvador Fancia) (collectively, "plaintiffs") filed the instant action in the Los Angeles County Superior Court against the El Rancho Unified School District ("ERUSD"), ERUSD Superintendent Martin Galindo ("Galindo"), and Does 1-50, inclusive (collectively, "defendants"). Dkt. 1 (Notice of Removal), Ex. A (Compl.). On September 10, 2015, defendants removed this action to federal court on the basis of federal question jurisdiction. Id. ¶ 2.

Plaintiffs' complaint asserts seven claims: claim one for "general negligence," pursuant to Cal. Gov. Code §§ 815.2, 820, against ERUSD and Does 1-50; (2) claim two for "breach of duty owing by reason of special relationship with plaintiffs," against ERUSD and Does 1-50; claim three for "violation of mandatory statutory duties," against ERUSD and Does 1-50; claim four for violation of the Unruh Civil Rights Act, Cal .Civ. Code § 51, et seq., against defendants ERUSD and Does 1-50; claim five for violation of 42 U.S.C. § 1983, against ERUSD, Superintendent Galindo, and Does 1-50; claim six for violation of the Americans with Disabilities Act, pursuant to 42 U.S.C. § 12101, et seq.,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-07147-CAS-AS | Date | November 9, 2015 |
| Title | CHAVIRA, ET AL. V. EL RANCHO UNIFIED SCHOOL DISTRICT, ET AL. | | |

against ERUSD and Does 1-50; and claim seven for violation of section 504 of the Rehabilitation Act, pursuant to 29 U.S.C. § 794, against ERUSD and Does 1-50.

On September 25, 2015, defendants filed a motion to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 12. Plaintiffs filed an opposition to defendants' 12(b)(6) motion on October 5, 2015, dkt. 13, and defendants replied on October 12, 2015, dkt. 15. On October 9, 2015, plaintiffs filed a motion to remand the case to state court, dkt. 12, and defendants filed an opposition to plaintiffs' motion to remand on October 19, 2015, dkt. 17. The Court held oral argument on November 9, 2015. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiffs Sergio Chavira, Jonathan Rivera, and Salvador Francia allege that they are disabled persons who attended Special Education Special Day Classes ("SDC") at El Rancho High School ("ERHS") between approximately 2011 through the end of the 2014 school year. Compl. ¶¶ 12-13, 27-28 42-43. While at ERHS, which is within ERUSD, plaintiffs allege that they were qualified to receive "a free appropriate public education that emphasizes special education and related services to meet [their] unique needs and to prepare [them] for employment and independent living" pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, et. seq. See id. ¶¶ 12, 27, 42. During the relevant time period, plaintiffs allege that they attended ERHS's extended school year program ("ESY") on a full-time basis, as detailed in their Individual Education Plans ("IEP"), which provided that plaintiffs would attend physical education classes. Id. ¶¶ 13, 28, 43.

On or about June 1, 2012, plaintiffs allege that their parents were informed that ERUSD "would not allow its special education students to use the ERHS swimming pool for the entire 2012 summer due to [a] lack of resources to pay for insurance, but that [ERUSD's] non-disabled students on the ERHS swim team, water polo team, and summer swim classes could [continue to] use the pool." Id. ¶ 15; see also ¶¶ 30, 45. Plaintiffs further allege that sometime after June 21, 2012, Lucila Saccone, the mother of one of plaintiff Chavira's SDC classmates at ERHS, filed a formal complaint regarding the closure with the United States Department of Education's Office for Civil Rights

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-07147-CAS-AS | Date | November 9, 2015 |
| Title | CHAVIRA, ET AL. V. EL RANCHO UNIFIED SCHOOL DISTRICT, ET AL. | | |

("OCR"), which then investigated the complaint until about July 9, 2014. Id. ¶¶ 20-21. On or about July 9, 2014, OCR mailed the results of its investigation to Saccone. Id. ¶ 22. According to the complaint in the instant suit, the results of the OCR's investigation include the following observations:

> Based on the available information, OCR determined that the District made the decision to eliminate the use of the swimming pool by the SDC class during the ESY because of [a] perceived increased risk related to their disability status. This perceived risk was not individually assessed.
>
> OCR finds that the District was not fully in compliance with Section 504 [of the Rehabilitation Act] and Title II [of the Americans with Disabilities Act] when it suspended pool use by the SDC class in summer 2012, 2013 [sic] and did not permit use of the pool by SDC students until midway through summer 2014.
>
> OCR discussed its findings with the District in February 2014 and sent the District a draft agreement that would resolve the issues raised in the case. Despite many attempts, the District did not respond in any way to OCR until June 2014, and at that time, the District expressed a willingness to try to resolve OCR's concerns and sign and implement the Resolution Agreement.

Id. ¶ 22.

     Plaintiffs aver that ERUSD re-opened the pool to disabled students in the summer of 2014, only to close the pool to "all use" the following fall "without review of any student's IEPs." Id. ¶¶ 22(b), 24, 37(b), 39, 52(b), 54. Finally, plaintiffs Chavira and Francia also claim that beginning on approximately June 11, 2014 (shortly after the pool's reopening) and continuing for approximately eight ESY school days, ERUSD failed to provide them with reasonable accommodations—specifically, with trained staff to do water safety and adaptive physical education in the pool. Id. ¶¶ 23, 53.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-07147-CAS-AS | Date | November 9, 2015 |
| Title | CHAVIRA, ET AL. V. EL RANCHO UNIFIED SCHOOL DISTRICT, ET AL. | | |

### III.  LEGAL STANDARD

####   A.   Motion to Remand

A motion to remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). In general, a federal district court has subject matter jurisdiction where a case presents a claim arising under federal law ("federal question jurisdiction"), or where the plaintiffs and defendants are residents of different states and the amount in controversy exceeds $75,000 ("diversity jurisdiction"). See, e.g., Deutsche Bank Nat'l Trust Co. v. Galindo, 2011 WL 662324, *1 (C.D. Cal. Feb.11, 2011) (explaining the two types of jurisdiction). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

####   B.   Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.' " Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Polic Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-07147-CAS-AS | Date | November 9, 2015 |
| Title | CHAVIRA, ET AL. V. EL RANCHO UNIFIED SCHOOL DISTRICT, ET AL. | | |

Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DISCUSSION

### A. Plaintiffs' Motion to Remand

Plaintiffs argue that "[o]nly three of the causes of action [in the instant case] involve federal claims," and that because "those causes of action do not *require* federal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-07147-CAS-AS | Date | November 9, 2015 |
|---|---|---|---|
| Title | CHAVIRA, ET AL. V. EL RANCHO UNIFIED SCHOOL DISTRICT, ET AL. | | |

jurisdiction . . . the matter should be remanded" to state court. Mot. Remand at 1. More specifically, plaintiffs argue that because "[f]ederal question jurisdiction is not required when alleging a violation of the Americans with Disabilities Act, a violation of 42 U.S.C. 1983, and a Violation of Section 504 of the Rehabilitation Act," there accordingly "is not a proper basis for removal of this action based on a Federal Question." Id. at 1-2.

Plaintiffs' argument misses the mark, however, because it is premised upon the false assumption that the case must be remanded simply "because Defendants will not be able to show that the District Court has *exclusive* jurisdiction over this matter." Id. at 4. As they note in their opposition, defendants need not demonstrate any such "exclusive jurisdiction" in order to remove the instant action to federal court. See generally Remand Opp'n. Pursuant to 28 U.S.C. section 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." Section 1441 further provides that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed" to district court. 28 U.S.C. § 1441(a). Here, the Court of course retains original jurisdiction over plaintiffs' ADA, Section 504, and Section 1983 claims, as all three claims arise under the laws of the United States. Accordingly, an action alleging such claims can be removed pursuant to 28 U.S.C. section 1441. While plaintiffs rightly note that "[e]xclusive jurisdiction does not exist in this matter," Motion to Remand at 4, the lack of exclusive jurisdiction is not determinative of whether the action can properly be removed to federal court. See 28 U.S.C. §§ 1331, 1441(a).

With respect to plaintiffs' additional state law claims, the federal courts' authority to exercise supplemental jurisdiction "in any civil action" extends to all "claims that are so related to [the] claims in the action" over which a district court has original jurisdiction that "they form part of the same case or controversy." 28 U.S.C. § 1367(a). Here, defendants rightly argue that "the gravamen of Plaintiffs' entire complaint is the allegation that, between June of 2012 and the fall of 2014, the defendants discriminated against disabled students by failing to provide equal access to a swimming pool." Remand Opp'n at 5. Plaintiffs' state law claims accordingly form part of the same case or controversy, and while in certain circumstances the Court may nevertheless decline to exercise supplemental jurisdiction, no such circumstances apply in the instant case. See 28 U.S.C. 1367(c) (noting district courts may decline to exercise supplemental

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-07147-CAS-AS | Date | November 9, 2015 |
|---|---|---|---|
| Title | CHAVIRA, ET AL. V. EL RANCHO UNIFIED SCHOOL DISTRICT, ET AL. | | |

jurisdiction over a claim when the claim "raises a novel or complex issue of State law," the claim "substantially predominates over the claim or claims over which the district court has original jurisdiction," and where, "in exceptional circumstances, there are other compelling reasons for declining jurisdiction").

Accordingly, plaintiffs' motion to remand is hereby **DENIED**.

### B.      Defendants' Motion to Dismiss

In the instant 12(b)(6) motion, defendants ERUSD and Superintendent Galindo seek to dismiss (1) all claims as asserted against defendant Galindo; (2) plaintiffs' first claim for "general negligence"; (3) plaintiffs' second claim for "breach of duty owing by special relationship"; (4) plaintiffs' third claim for "violation of mandatory duty"; (5) plaintiffs' fifth claim for violation of 42 U.S.C. section 1983; and (6) plaintiffs' request for statutory "daily damages" under California Civil Code Section 52, et. seq.  The Court addresses defendants' motion as to each of these claims in the discussion below.

####           1.      Plaintiffs' Claims Against Defendant Galindo

Defendants argue that ERUSD Superintendent Galindo should be dismissed from the action because plaintiffs' "allegations that Galindo was the Superintendent for the District, and that he therefore had an agency relationship with the District do not lead to the inference that Galindo is liable for any misconduct." Motion at 3.  More specifically, defendants argue that plaintiffs' allegations that Galindo "acted with deliberate indifference" and "should have known that plaintiffs required and would benefit from the provision of their respective special education . . . services," Compl. ¶¶ 69, 74, are "threadbare recitals of the elements of plaintiffs' cause of action and mere conclusory statements."  Motion at 3.

While it is somewhat unclear, it appears from the face of the complaint that only one of defendants' eight claims is actually being asserted against defendant Galindo.  Specifically, the only "cause of action" for which Galindo is listed as a defendant is plaintiffs' fifth claim pursuant to 42 U.S.C. Section 1983, which, as explained *infra*, the Court dismisses without prejudice.  See Compl. at p.19.  All of plaintiffs' other claims expressly list ERUSD and Does 1-50 and notably fail to list Galindo as a defendant.

Case 2:15-cv-07147-CAS-AS   Document 20   Filed 11/09/15   Page 8 of 15   Page ID #:196

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                               'O'

| Case No. | 2:15-cv-07147-CAS-AS | Date | November 9, 2015 |
|---|---|---|---|
| Title | CHAVIRA, ET AL. V. EL RANCHO UNIFIED SCHOOL DISTRICT, ET AL. | | |

Plaintiffs' opposition to the instant motion also fails to provide any clarification as to which claims are being asserted against Galindo, instead stating only that "[a]s the Superintendent [Galindo] likely had knowledge of the acts complained of, and he was indeed in charge of the district, [and therefore] the causes of action against him should not be dismissed." Opp'n at 5. "At the very least," plaintiffs argue, Galindo "should remain in the case until discovery has been conducted to determine exactly whether or not he played a major role in determining that the pool was not to be used by disabled individuals." Id.

At oral argument, plaintiffs clarified that the only claim that they are asserting against defendant Galindo is their fifth claim for an alleged violation of 42 U.S.C. Section 1983. As explained *infra*, the Court dismisses this claim as to all defendants without prejudice. Accordingly, defendant Galindo is hereby **DISMISSED** from this action without prejudice.

### 2. Plaintiffs' First Claim for General Negligence

Under California law, public entity liability is governed entirely by statute. See Cal. Gov. Code § 815 ("*Except as otherwise provided by statute*: (a) A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person.") (emphasis added). Accordingly, in order to hold a public entity liable, plaintiffs must identify a California statute which permits that entity to be held liable. In pleading their "general negligence" claim, plaintiffs' caption page cites to California Government Code sections 815.2 and 820, and the complaint further alleges that defendants "directly and proximately cause[d] plaintiffs to suffer great physical stress, anxiety, and regression in their respective developmental and educational skill levels" by "negligently and continuously fail[ing] to provide plaintiffs their free, appropriate public education as required by law, fail[ing] to implement plaintiffs' IEPs as required by Education Code section 56345 and C.C.R. § 3040, and fail[ing] to comply with section 504 of the Rehabilitation Act of 1973." Compl. ¶ 70.

While the complaint is not entirely clear as to this point, plaintiffs appear to allege that defendant ERUSD is liable for its allegedly negligent behavior pursuant to California Government Code section 815.2(a), which provides that "[a] public entity is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-07147-CAS-AS | Date | November 9, 2015 |
| Title | CHAVIRA, ET AL. V. EL RANCHO UNIFIED SCHOOL DISTRICT, ET AL. | | |

liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee." In their motion, defendants argue that section 815.2 is not itself a statutory basis for liability and that plaintiffs must accordingly identify an *independent* statutory basis for liability against the employee of the public entity. Motion at 4-5 ("[Section 815.2] does not create a private right of action, but merely provides that a public entity may be vicariously liable for the acts of its employees . . . this statute does not form the basis of statutory liability but merely incorporates general principals of *respondeat superior*").

However, defendants misstate the law. Section 815.2 is a vicarious liability statute that permits a public entity to be liable for the actions of its employees to the same extent as a private employer. See Robinson v. Solano County, 278 F.3d 1007, 1016 (9th Cir. 2002) (en banc) ("California . . . has rejected the Monell rule and imposes liability on counties under the doctrine of respondeat superior for acts of county employees; it grants immunity to counties only where the public employee would also be immune"); see also Scott v. County of Los Angeles, 27 Cal. App. 4th 125, 139–40 (1994) ("Under Government Code section 815.2, subdivision (a), the County is liable for acts and omissions of its employees under the doctrine of respondeat superior to the same extent as a private employer. Under subdivision (b), the County is immune from liability if, and only if, [the employee] is immune.") (emphasis omitted). Accordingly, pursuant to section 815.2, ERUSD may be held liable under a theory of respondeat superior for the allegedly negligent actions of its employees.

Still, defendants argue that plaintiffs' complaint is factually deficient because it does not specifically "identify an employee whose acts the District is allegedly liable [for], let alone describe[] how those acts were carried out in the course and scope of employment." Motion at 5. While defendants are correct that plaintiffs have not specified individual ERUSD employees by name, plaintiffs' negligence claim is brought against "Does 1 though 50"—that is, those alleged to be "agents, servants, employees, successors in interest, and/or joint venturers of their co-defendants . . . [who] were acting within the course, scope, and authority" of ERUSD and whose allegedly negligent conduct can give rise to liability for ERUSD under a theory of respondeat superior. Compl. ¶ 10. Moreover, the Court notes that defendants have cited no factually

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-07147-CAS-AS | Date | November 9, 2015 |
| Title | CHAVIRA, ET AL. V. EL RANCHO UNIFIED SCHOOL DISTRICT, ET AL. | | |

analogous cases in support of their argument that the allegations in the instant complaint are insufficient to state a claim for general negligence.

Defendants' motion to dismiss plaintiffs' "general negligence claim" against ERUSD and Does 1-50 is accordingly **DENIED**.

### 3. Plaintiffs' Second Claim for "Breach of Duty Owing by Special Relationship"

Plaintiffs second claim is for "breach of duty owning by reason of special relationship with plaintiffs." Compl. ¶ 14. Specifically, plaintiffs allege that defendant "ERUSD has occupied a position of trust and control over plaintiffs, which gave [ERUSD] plenary power to control the circumstances of the plaintiffs' respective special education," and that ERUSD "abused that position of trust and control by failing to meet its particular duties of care." Id. ¶ 78. However, neither plaintiffs' complaint nor their opposition to the instant motion cites to any authority or case law whatsoever regarding the existence of a "separate and independent duty of care owning to plaintiffs by reason of its special relationship with plaintiffs." Id. ¶ 80; see Opp'n at 7. Accordingly, defendants argue that "[i]nsofar as the plaintiffs rely on the 'special relationship' theory to differentiate their second cause of action from their general negligence claim, the existence of special relationship merely gives rise to a duty to assist or protect another" and "do[es]not create an independent cause of action, but instead establish[es] the 'duty' element of a common law general negligence claim." Motion at 6. The Court agrees with defendants, particularly in light of plaintiffs' failure to cite any authority supporting the existence of a separate claim for "breach of duty owing by special relationship," as well as plaintiffs' specific request for leave "to amend to cure the deficiency" as to these allegations. Opp'n at 7.

Accordingly, plaintiffs' second claim is hereby **DISMISSED** without prejudice.

### 4. Plaintiffs' Third Claim for "Violation of Mandatory Duty"

Plaintiffs' third claim is for failure to fulfill a "mandatory duty" pursuant to California Government Code section 815.6, which provides that "[w]here a public entity is under a *mandatory duty imposed by an enactment* that is designed to protect against the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-07147-CAS-AS | Date | November 9, 2015 |
| Title | CHAVIRA, ET AL. V. EL RANCHO UNIFIED SCHOOL DISTRICT, ET AL. | | |

risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty." Cal. Gov. Code § 815.6. "A plaintiff asserting liability under Government Code section 815.6 must specifically allege the applicable statute or regulation" that gives rise to the mandatory duty. Brenneman v. California, 208 Cal.App.3d 812, 817 (Cal. Ct. App.1989) (internal quotation marks omitted). Plaintiffs' complaint cites to a scattershot of federal and state authorities that purportedly "impose" under California Government Code section 815.6 "a mandatory duty [upon defendants] . . . that is designed to protect against the risk of [the] particular kind of injury" that plaintiffs allege in the complaint. Cal. Gov. Code § 815.6; see Compl. ¶¶ 82-87.

However, neither plaintiffs' complaint nor their opposition to the instant motion cite to any authority or case law recognizing these myriad sources of authority as "enactments" whose violation would support a claim for failure to fulfill a "mandatory duty" under California Government Code section 815.6. Accordingly, defendants argue that none of the cited authorities "create mandatory duties [that] support civil liability" under Section 815.6. Motion at 6-7. Plaintiffs' opposition to the instant motion does not attempt to counter defendants' arguments or the relevant case law cited in support thereof. Instead, plaintiffs state only that they have "list[ed] various Government Code, Education Code, and Constitutional Amendments exhaustively in the Complaint," and that "[i]f the Court determines [that] any of the statutory duties are not appropriate, Plaintiffs should be permitted to amend to cure the deficiency in the allegations." Opp'n at 7. Of course, "[i]t is not the job of this court to develop arguments for [the parties]," Fabriko Acquisition Corp. v. Prokos, 536 F.3d 605, 609 (7th Cir. 2008), and the Court declines to determine whether one of the more than twenty authorities to which plaintiffs cite in their complaint could possibly support plaintiffs' claim under California Government Code section 815.6.[1]

---

[1] Plaintiffs do not expressly allege that any one of the many authorities in the complaint has been recognized as supporting a claim for failure to fulfill a "mandatory duty" under California Government Code section 815.6. See Compl. ¶¶ 83-87. Rather, plaintiffs simply list and at times briefly describe various authorities that purportedly create a "mandatory of care" to plaintiffs, including: California Government Code §§

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-07147-CAS-AS | Date | November 9, 2015 |
| Title | CHAVIRA, ET AL. V. EL RANCHO UNIFIED SCHOOL DISTRICT, ET AL. | | |

Accordingly, plaintiffs' third claim for violation of a "mandatory duty" is **DISMISSED** without prejudice. Should plaintiffs file an amended complaint again alleging a violation of a "mandatory duty," plaintiffs are admonished to cite to a specific statutory authority whose violation by a public entity may give rise to liability pursuant to California Government Code section 815.6.[2]

### 5. Plaintiffs' Fifth Claim for Violation of 42 U.S.C. Section 1983

Defendants argue that plaintiffs' Section 1983 claim against ERUSD, Galindo, and Does 1-50 must be dismissed because "school districts and their agents cannot be held liable under 42 U.S.C. Section 1983" pursuant to the Ninth Circuit's decision in Belanger v. Madera Unified School District. Motion at 8 (citing Belanger v. Madera Unif. Sch. Dist., 963 F.2d 248, 254-55 (9th Cir. 1992)). In Belanger, the Ninth Circuit held that California school districts are entitled to Eleventh Amendment immunity and thus immune from suit under Section 1983. Id. at 254. Specifically, the Court found that the California school district at issue in the case "[was] an agent of the state that performs state governmental functions and [because] a judgment would be satisfied out of state funds," California school districts are accordingly "immune to suit under the Eleventh Amendment." Id. In recent years, "not only has every federal district in California cited

---

810.6, 810.8, 811, 811.6, 811, 815.2; California Education Code §§ 44808, 56000, 56045, 56343.5, 56347; California Civil Code §§ 51, 52, 52.1; Title II of the Americans with Disabilities Act, 42, U.S.C. § 12101, et seq.; 28 C.F.R. § 35.130(d); 45 C.F.R. § 84.4(b)(1)(iv); 28 U.S.C. § 794(a); the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution; and Article I, Sections 1 and 7(a) of the California Constitution.

[2] Generally, cases interpreting California Government Code section 815.6 have noted that it establishes a three-pronged test for determining whether a particular enactment may impose liability on a public entity: "(1) the enactment in question must impose a mandatory, not discretionary, duty; (2) the enactment must be intended to protect against the kind of risk of injury suffered by the party asserting the statute as the basis of liability; and (3) the breach of duty must be a proximate cause of the plaintiff's injury." In re Groundwater Cases, 154 Cal. App. 4th 659, 688-89 (2007) (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-07147-CAS-AS | Date | November 9, 2015 |
| Title | CHAVIRA, ET AL. V. EL RANCHO UNIFIED SCHOOL DISTRICT, ET AL. | | |

Belanger and held that school districts are entitled to Eleventh Amendment immunity, but the Ninth Circuit also has continued to rely on Belanger for the proposition that 'a school district cannot be sued for damages under § 1983.'" Sato v. Orange Cnty. Dep't of Educ., No. SACV 15-00311, 2015 WL 4078195, at *5 (C.D. Cal. July 6, 2015) (collecting cases) (quoting C.W. v. Capistrano Unified Sch. Dist., 784 F.3d 1237, 1247 (9th Cir.2015)). In their three-sentence opposition to defendants' argument, plaintiffs fail to cite any authority or case law that calls the holding of Belanger into question and instead state only that defendants "engaged in despicable conduct" and "should be held responsible based upon their extraordinary relationship to the students." Opp'n at 7.

Accordingly, plaintiffs' fifth claim for violation of 42 U.S.C. § 1983 is **DISMISSED** without prejudice.

### 6. Plaintiffs' Request for Statutory Daily Damages under California Civil Code Section 52, et. seq.

Plaintiffs' prayer for relief seeks statutory damages under the Unruh Act "in the sum of three times actual damages . . . or $4,000 *per each day*" that *each plaintiff* was "denied use of [the] ERHS swimming pool." Compl. at p. 27 (Prayer for Relief, ¶ 3) (emphasis added). Defendants note that the Unruh Act makes no reference to daily damages but instead states, in relevant part, that "[w]hoever denies . . . or makes any discrimination or distinction contrary to [the Unruh Act] is liable *for each and every offense* for the actual damages . . . suffered by any person denied the rights," as well as "any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto." Cal. Civ. Code § 52(a); see Motion at 8-10. Accordingly, defendants argue that "[t]he plain language of [the Unruh Act's] treble damages provision explicitly compensates plaintiffs for each *offense*, not for the injury that follows the offense," and that recovery should therefore be "calculated based on the defendants' *wrongful acts*, not the number of days that the plaintiffs purportedly suffered *injury*." Motion at 9 (emphasis in original). Plaintiffs fail to cite any authority in support of the contention that they may be entitled to damages under the Unruh Act "per each day" that they were denied access to the pool; indeed, plaintiffs fail to rebut or otherwise acknowledge

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-07147-CAS-AS | Date | November 9, 2015 |
|---|---|---|---|
| Title | CHAVIRA, ET AL. V. EL RANCHO UNIFIED SCHOOL DISTRICT, ET AL. | | |

defendants' argument regarding their prayer for relief under the Unruh Act. See Opp'n at 7.

There is a split of authority among the district courts as to whether the Unruh Act's authorization of damages "for each and every offense" permits the recovery of the daily damages plaintiffs seek in the instant action. See Moore v. Anaya, No. 1:12-CV-00009-AWI, 2012 WL 1657205, at *1 (E.D. Cal. May 10, 2012) (noting split of authority). In one of the earlier cases to consider the issue, the district court concluded that such damages were not available because the statutory language "makes no reference to daily damages and appears to contemplate an award based on the number of instances of non-compliance, not on the passage of time." Doran v. Embassy Suites Hotel, No. C-02-1961 EDL, 2002 WL 1968166, at *4 (N.D. Cal. Aug. 26, 2002). In that way, the language of the Unruh Act differed from other provisions under California law that expressly provide liability for statutory damages "for each day or part thereof" that a defendant remains in violation. Id. (citing Cal. Civ. Code § 789.3). Accordingly, the Court in Doran concluded—as defendants in the instant case argue—that the Unruh Act's mention of liability "for each and every offense" authorized "statutory damages based on each specific instance of non-compliance, rather than on the mere passage of time." Id. at *5 (noting that "[i]f the Legislature intended to provide for daily damages in Civil Code sections 52(a) . . . it could have specifically provided for them").

A more recent decision in the Central District of California similarly found, upon consideration of the "well-reasoned opinion in Doran," that "daily damages are not available under [Section 52(a) of the Unruh Act]." Kohler v. Rednap, Inc., 794 F. Supp. 2d 1091, 1094 (C.D. Cal. 2011). The court in Kohler noted that "a later amendment to the statute[] in 2008 makes clear that damages are not available on a daily basis." Id. (citing Cal. Civ. Code § 55.56); but see Botosan v. Fitzhugh, 13 F. Supp. 2d 1047, 1051 (S.D. Cal. 1998) (declining "to strike the portion of Plaintiff's complaint that seeks daily damages in the amount of $1000 per day . . . [based upon] California Civil Code §§ 52 and 54.3"); and Grutman v. Regents of Univ. of California, 807 F. Supp. 2d 861, 870 (N.D. Cal. 2011) (declining to exercise supplemental jurisdiction over plaintiff's Unruh Act claim because it raised "novel and difficult questions of state law" and because the plaintiff could "potentially be awarded close to two million dollars in damages" or "only a nominal $4,000" depending on whose interpretation of Section 52(a)'s "each offense" language the court adopted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-07147-CAS-AS | Date | November 9, 2015 |
|---|---|---|---|
| Title | CHAVIRA, ET AL. V. EL RANCHO UNIFIED SCHOOL DISTRICT, ET AL. | | |

Accordingly, because the Court finds the reasoning in Doran and Kohler persuasive, and in light of plaintiffs' apparent lack of opposition as to the issue, the Court **STRIKES** without prejudice the portion of plaintiffs' complaint seeking damages pursuant to the Unruh Act "per each day" of defendants' alleged denial of access to the ERHS pool.

## V. CONCLUSION

In accordance with the foregoing, plaintiffs' motion to remand the action is hereby **DENIED**. Defendants' motion to dismiss the complaint is **GRANTED** in part and **DENIED** in part. Specifically, plaintiffs' claims for "breach of duty owing by special relationship" (claim 2), "violation of mandatory duty" (claim 3), violation of 42 U.S.C. § 1983 (claim 5), and all claims against defendant Galindo are **DISMISSED** without prejudice. In addition, the Court **STRIKES** without prejudice the portion of plaintiffs' complaint seeking damages pursuant to the Unruh Act "per each day" of defendants' alleged denial of access to the ERHS pool. However, defendants' motion to dismiss is **DENIED** insofar as it seeks to dismiss plaintiffs' first claim for "general negligence."

Plaintiffs shall have until and including **Monday, November 23, 2015** to file a first amended complaint addressing the deficiencies identified herein. Failure to do so may result in dismissal with prejudice.

IT IS SO ORDERED.

| | 00 | : | 02 |
|---|---|---|---|
| Initials of Preparer | | | CL |