UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:15-cv-07147-CAS(ASx) | Date | April 4, 2016 |
|---|---|---|---|
| Title | CHAVIRA, ET AL. V. EL RANCHO UNIFIED SCHOOL DISTRICT, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Steven Beltran | Brianne Gardner | |

**Proceedings:**    DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT (filed February 23, 2016, dkt. 35)

## I. INTRODUCTION

On June 9, 2015, plaintiffs Sergio Chavira (through his guardian *ad litem* Rosa Chavira), Jonathan Rivera (through his guardian *ad litem* Maria G. Rivera), and Salvador Francia (through his guardian *ad litem* Salvador Fancia) (collectively, "plaintiffs") filed the instant action in the Los Angeles County Superior Court against the El Rancho Unified School District ("ERUSD" or "the school district"), ERUSD Superintendent Martin Galindo ("Galindo" or "Superintendent Galindo"), and Does 1-50, inclusive. Dkt. 1 (Notice of Removal), Ex. A (Compl.). On September 10, 2015, defendants removed this action to federal court on the basis of federal question jurisdiction.[1] Id. at ¶ 2.

---

[1] Plaintiffs' original complaint asserted the following seven claims: claim one for "general negligence," pursuant to Cal. Gov't Code §§ 815.2, 820, against ERUSD and Does 1-50; (2) claim two for "breach of duty owing by reason of special relationship with plaintiffs," against ERUSD and Does 1-50; claim three for "violation of mandatory statutory duties," against ERUSD and Does 1-50; claim four for violation of the Unruh Civil Rights Act, Cal .Civ. Code § 51, et seq., against defendants ERUSD and Does 1-50; claim five for violation of 42 U.S.C. § 1983, against ERUSD, Superintendent Galindo, and Does 1-50; claim six for violation of the Americans with Disabilities Act, pursuant to 42 U.S.C. § 12101, et seq., against ERUSD and Does 1-50; and claim seven for violation of section 504 of the Rehabilitation Act, pursuant to 29 U.S.C. § 794, against ERUSD and Does 1-50.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:15-cv-07147-CAS(ASx) | Date | April 4, 2016 |
|---|---|---|---|
| Title | CHAVIRA, ET AL. V. EL RANCHO UNIFIED SCHOOL DISTRICT, ET AL. | | |

In an order dated November 9, 2015, the Court dismissed without prejudice plaintiffs' claims for "breach of duty owing by special relationship," "violation of mandatory duty," violation of 42 U.S.C. § 1983, and all claims against defendant Galindo.  See Dkt. 20 (November Order).[2]  In addition, the Court struck without prejudice the portion of plaintiffs' complaint seeking damages under the Unruh Act for "each day" of defendants' alleged violations.  See id.  In dismissing portions of plaintiffs' complaint, the Court also granted plaintiffs leave to file a first amended complaint, which plaintiffs then filed on November 23, 2015.  Dkt. 21.  The parties later stipulated to allowing plaintiffs to file a second amended complaint, which plaintiffs filed on December 28, 2015.  Dkt. 25.

On February 8, 2016, plaintiffs filed the operative third amended complaint ("TAC"), again pursuant to a joint stipulation of the parties.  See Dkts. 27-28.  Plaintiffs' third amended complaint asserts the following claims: claim 1 for "general negligence," pursuant to Cal. Gov't Code §§ 815.2 and 820, against defendants ERUSD, Superintendent Galindo individually, Norbert Genis individually, and all members of the 2012, 2013, and 2014 ERUSD Board of Education individually; claim 2 for "violation of mandatory statutory duties," against ERUSD only; claim 3 for violation of the Unruh Civil Rights Act, Cal .Civ. Code § 51, et seq., against defendants ERUSD, Superintendent Galindo individually, Norbert Genis individually, and all members of the 2012, 2013, and 2014 ERUSD Board of Education individually; claim 4 for violation of 42 U.S.C. § 1983, against Superintendent Galindo individually, Norbert Genis individually, and all members of the 2012, 2013, and 2014 ERUSD Board of Education individually; claim 5 for violation of the Americans with Disabilities Act, pursuant to 42 U.S.C. § 12101, et seq., against ERUSD only; and claim 6 for violation of section 504 of the Rehabilitation Act, pursuant to 29 U.S.C. § 794, against ERUSD only.  See generally TAC.

On February 23, 2016, defendants ERUSD and Superintendent Galindo (collectively, "defendants," for purposes of this order) filed the instant motion to dismiss

---

[2] See Chavira v. El Rancho Unified Sch. Dist., No. 2:15-CV-07147-CAS-AS, 2015 WL 6957990 (C.D. Cal. Nov. 9, 2015).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL     'O'

| Case No. | 2:15-cv-07147-CAS(ASx) | Date | April 4, 2016 |
|---|---|---|---|
| Title | CHAVIRA, ET AL. V. EL RANCHO UNIFIED SCHOOL DISTRICT, ET AL. | | |

plaintiffs' TAC pursuant to Federal Rule of Civil Procedure 12(b)(6).³ Dkt. 35 ("Motion"). On March 1, 2016, plaintiffs filed an opposition to defendants' 12(b)(6) motion. Dkt. 39 ("Opp'n"). On March 21, 2016, defendants filed a reply. Dkt. 45 ("Reply"). Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiffs Sergio Chavira, Jonathan Rivera, and Salvador Francia allege that they are disabled persons who attended Special Education Special Day Classes ("SDC") at El Rancho High School ("ERHS") between approximately 2011 through the end of the 2014 school year. TAC at ¶¶ 16-17, 19-20, 23-24. While at ERHS, which is within ERUSD, plaintiffs allege that they were qualified to receive "a free appropriate public education . . . that emphasizes special education and related services to meet [their] unique needs and to prepare [them] for employment and independent living" pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, et. seq. See id. at ¶¶ 16, 19, 23. During the relevant time period, plaintiffs allege that they attended ERHS's extended school year program ("ESY") on a full-time basis, as detailed in their Individual Education Plans ("IEP"), which provided that plaintiffs would attend physical education classes. Id. at ¶¶ 17, 20, 24.

Plaintiffs allege that "[a]t the beginning of the summer of 2012," their parents were informed that ERUSD "would not allow its special education students to use the ERHS swimming pool for the entire 2012 summer due to [a] lack of resources to pay for insurance, but that [ERUSD's] non-disabled students on the ERHS swim team, water polo team, and summer swim classes could [continue to] use the pool." Id. at ¶ 26. Plaintiffs further allege that on June 21, 2012, Chavira's father emailed a complaint to

---

³ The instant motion to dismiss is bought only on behalf of defendants ERUSD and Galindo, and seeks only to dismiss plaintiffs' state law claims and section 1983 claim as to these defendants. Indeed, plaintiffs have not filed a proof of service for Norbert Genis or the individual members of the ERUSD Board, all of whom were first named as defendants in this action in plaintiffs' operative third amended complaint. See Motion at 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     **'O'**

| Case No. | 2:15-cv-07147-CAS(ASx) | Date | April 4, 2016 |
|---|---|---|---|
| Title | CHAVIRA, ET AL. V. EL RANCHO UNIFIED SCHOOL DISTRICT, ET AL. | | |

ERUSD regarding its plan to deny Chavira and all other ERUSD special education students access to the school's pool for the entire summer. Id. at ¶ 27. ERUSD'S employee, Samuel Genis, allegedly emailed a response stating that the decision "was not a site decision but a district one," and forwarded the email to ERUSD's Director of Student Services. Id.

Plaintiffs further allege that sometime after June 21, 2013, Lucila Saccone, the mother of one of plaintiffs' SDC classmates at ERHS, filed a formal complaint regarding the closure with the United States Department of Education's Office for Civil Rights ("OCR"), which then investigated the complaint until about July 9, 2014. Id. at ¶¶ 31-32. On or about July 9, 2014, OCR mailed the results of its investigation to Saccone. Id. ¶ at 33. According to the complaint in the instant suit, the results of the OCR's investigation include the following observations:

> Based on the available information, OCR determined that the District made the decision to eliminate the use of the swimming pool by the SDC class during the ESY because of [a] perceived increased risk related to their disability status. This perceived risk was not individually assessed.
>
> OCR finds that the District was not fully in compliance with Section 504 [of the Rehabilitation Act] and Title II [of the Americans with Disabilities Act] when it suspended pool use by the SDC class in summer 2012, 2013 [sic] and did not permit use of the pool by SDC students until midway through summer 2014.
>
> OCR discussed its findings with the District in February 2014 and sent the District a draft agreement that would resolve the issues raised in the case. Despite many attempts, the District did not respond in any way to OCR until June 2014, and at that time, the District expressed a willingness to try to resolve OCR's concerns and sign and implement the Resolution Agreement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-07147-CAS(ASx) | Date | April 4, 2016 |
|---|---|---|---|
| Title | CHAVIRA, ET AL. V. EL RANCHO UNIFIED SCHOOL DISTRICT, ET AL. | | |

Id. at ¶ 33.

Plaintiffs further allege that "ERUSD took no action to resolve these issues" and instead, beginning in the Fall of 2014, "instructed ERHS to close the swimming pool to all use, without ERUSD having reviewed any of its special education students' IEPs." Id. at ¶ 50. Plaintiffs do not allege that they have submitted claims to the district, pursuant to the California Government Tort Claims Act. Rather, the operative complaint alleges that on February 11, 2015, Chavira "timely presented his Application for Permission to Permit [a] Late Claim to ERUSD for his injuries suffered," but "[o]n March 4, 2015, ERUSD notified Chavira that it was returning his Application without any action having been taken on it because it was allegedly not presented within one year of the accrual of the cause of action." Id. at ¶ 43. The complaint further states that on June 1, 2015, plaintiffs Rivera and Francia "timely presented" to ERUSD their own Applications for Permission to Permit a Late Claim for their injuries suffered. Id. at ¶¶ 44-45. Defendant EHUSD is not alleged to have taken any action in response to Rivera and Francia's applications.[4]

## III. LEGAL STANDARD

### A. Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.' " Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Polic Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

---

[4] A public entity has 45 days to act on a late claim application, or it is deemed denied. Cal. Gov't Code § 911.6(c).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-07147-CAS(ASx) | Date | April 4, 2016 |
| Title | CHAVIRA, ET AL. V. EL RANCHO UNIFIED SCHOOL DISTRICT, ET AL. | | |

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-07147-CAS(ASx) | Date | April 4, 2016 |
| Title | CHAVIRA, ET AL. V. EL RANCHO UNIFIED SCHOOL DISTRICT, ET AL. | | |

Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV.   DISCUSSION

In the instant 12(b)(6) motion, defendants ERUSD and Superintendent Galindo seek to dismiss (1) plaintiffs' first, second, and third claims for "general negligence," "breach of mandatory duty," and violations of the Unruh Act (collectively, "the state law claims"); (2) plaintiffs' Section 1983 claim asserted against Galindo only; and (3) plaintiffs' request for daily damages under the Unruh Act.[5]

### 1. Plaintiffs' State Law Claims and Failure to Comply with the California Government Tort Claims Act

As part of the California Government Tort Claims Act (the "Act"), "Government Code section 900 et seq. establishes certain conditions precedent to the filing of a lawsuit against a public entity," like defendant EHUSD.[6]  State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1237 (2004).  Specifically, under the Act, plaintiffs "must timely file a claim for money or damages with the public entity" before filing a suit like the instant action.  Id. (citing Cal. Gov't Code § 911.2).  "Claims for personal injury and property damage must be presented within six months after accrual."  City of Stockton v. Superior Court, 42 Cal. 4th 730, 738 (2007) (citing Cal. Gov't Code § 911.2).  Generally speaking, a claim accrues at "the time 'when, under the substantive law, the wrongful act is done,' or the wrongful result occurs, and the consequent 'liability arises.'"  Norgart v. Upjohn

---

[5] In light of the Court's dismissal with prejudice of the state law claims, the Court need not reach the merits of defendants' argument regarding the need to strike portions of plaintiffs' prayer for relief regarding damages under the Unruh Act.

[6] Under the Act, parties claiming to have been damaged by the acts of a school district must satisfy a claims presentment requirement before filing civil lawsuits.  See Gov't Code §§ 900.4 (school districts are "local public entities" under California's Government Tort Claims Act), 910 (describing required contents of government tort claims).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-07147-CAS(ASx) | Date | April 4, 2016 |
|---|---|---|---|
| Title | CHAVIRA, ET AL. V. EL RANCHO UNIFIED SCHOOL DISTRICT, ET AL. | | |

Co., 21 Cal. 4th 383, 397 (1999) (citation omitted). In other words, the statute of limitations begins to run "when the cause of action is complete with all of its elements." Id. (citation omitted).

Based on the allegations in the operative third amended complaint, plaintiffs' state law claims here accrued "[a]t the beginning of the summer of 2012," when plaintiffs were allegedly deprived of access to the pool and their "parents were informed that ERUSD would not allow its special education students to use the ERHS swimming pool for the entire 2012 summer due to lack of resources to pay for insurance . . . ." TAC at ¶ 26; see also id. at ¶¶ 27, 31. According to the operative complaint, plaintiffs did not, as required by the Act, timely present claims within six months of accrual. In such circumstances, "a written application may be made to the public entity for leave to present that claim;" however, this written application for leave to present a late claim must itself be made "within a reasonable time *not to exceed one year after the accrual* of the cause of action." Cal. Gov't Code § 911.4(a)-(b) (emphasis added). Here, plaintiffs allege that Chavira submitted an "Application for Permission to Permit [a] Late Claim" on February 11, 2015, which the school district denied as untimely on March 4, 2015. TAC at ¶ 43. Thereafter, Rivera and Francia submitted their own "Applications for Permission to Permit [a] Late Claim" on June 1, 2015, each of which appears to have been effectively denied on July 16, 2015. Id. at ¶¶ 44-45; see Cal. Gov't Code §911.6(c) (noting a public entity has 45 days to act on a late claim application, or it is deemed denied). Accordingly, plaintiffs' applications for leave to file late claims were untimely.

One who, like plaintiffs here, presents neither (1) a timely claim for money or damages to the public entity, nor (2) a timely application for leave to present a late claim within one year of the accrual date, is effectively barred from filing a lawsuit against that entity. See Bodde, 32 Cal. 4th at 1239; City of Los Angeles v. Superior Court, 14 Cal. App. 4th 621, 627 (1993) (The "failure to timely comply with the Government Code requirements concerning claims bars a subsequent suit.") (citations omitted). In such circumstances—i.e., where plaintiff has not submitted a claim to the public entity *and* "[t]he public entity denies an application for leave to file a late claim"—the claimant's only recourse is to "*obtain a court order* for relief from the requirements of the claims act *before filing suit*." City of Los Angeles, 14 Cal. App. 4th at 627 (emphasis added). Specifically, pursuant to California Government Code section 946.6, "[a] petition for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:15-cv-07147-CAS(ASx) | Date | April 4, 2016 |
|---|---|---|---|
| Title | CHAVIRA, ET AL. V. EL RANCHO UNIFIED SCHOOL DISTRICT, ET AL. | | |

such an order must be filed with the [superior] court *within six months after the application is denied* or deemed denied." Rason v. Santa Barbara City Housing Authority, 201 Cal.App.3d 817, 823 (1988) (citing Cal. Gov't Code §§ 946.6(b), 911.6) (emphasis added). Here, plaintiffs do not allege that they petitioned the superior court, under California Government Code section 946.6, for an order relieving them from the requirements of the California Government Tort Claims Act before filing the instant suit in July 2015. Nor have plaintiffs ever attempted to petition this Court for any such relief.[7] Indeed, plaintiffs appear to have filed the instant suit in the Los Angeles Superior Court on June 9, 2015, over a month *before* the district denied two of plaintiffs' "Applications for Permission to Permit [a] Late Claim." TAC at ¶¶ 44-45. "Complaints that do not allege facts demonstrating either that a claim was timely presented or that compliance with the claims statute is excused are subject to a general demurrer for not stating facts sufficient to constitute a cause of action."[8] Shirk v. Vista Unified Sch. Dist., 42 Cal. 4th 201, 209, 164 P.3d 630, 634 (2007).

---

[7] Even if they had, any such effort would be improper. "[S]ince 2002, the language of § 946.6(a) has become more specific. The 'proper court' for obtaining relief is no longer [simply] 'a court,' rather it is now 'a superior court.'" Hill v. City of Clovis, No. 1:11-CV-1391 AWI SMS, 2012 WL 787609, at *12 (E.D. Cal. Mar. 9, 2012). 12 (citing Cal. Gov't Code § 946.6(a)); see also id. (noting that "[s]ince § 946.6(a) was amended to identify a specific court, and that court is the state superior court, this Court will follow the majority position [among courts considering whether *federal* courts can grant relief under section 946.6] and conclude that only state superior courts have been given the authority to grant relief pursuant to § 946.6(a)).

[8] Plaintiffs allege in the operative complaint that ERUSD is "equitably estopped" from arguing that plaintiffs failed timely to present claims because the school district was aware of plaintiffs' grievances. See TAC ¶¶ 49-51. This argument lacks merit. "The purpose of the claims statutes is not to prevent surprise, but 'to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation. It is well-settled that claims statutes must be satisfied *even in face of the public entity's actual knowledge* of the circumstances surrounding the claim.' " City of Stockton, 42 Cal. 4th at 738 (internal citations omitted) (emphasis added); DiCampli–Mintz v. County of Santa Clara, 55 Cal.4th 983, 991 (2012) (same).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-07147-CAS(ASx) | Date | April 4, 2016 |
|---|---|---|---|
| Title | CHAVIRA, ET AL. V. EL RANCHO UNIFIED SCHOOL DISTRICT, ET AL. | | |

Furthermore, it appears that dismissal with prejudice is appropriate, as any effort to petition the superior court at the present time would be futile for at least two reasons. First, the petition under Section 946.6 would be untimely. A petition pursuant to Section 946.6 "shall be filed within six months after the application to the board is denied." Cal. Gov't Code § 946.6. Here, well over six months have elapsed since the school district denied plaintiffs' untimely applications for leave to present late claims in March 2015 and July 2015, respectively. Accordingly, any such petition to the superior court would be untimely and would accordingly be subject to dismissal. See City of San Diego v. Superior Court, 244 Cal. App. 4th 1, 11 (2015) ("Because [plaintiff] filed her section 946.6 petition for relief with the trial court more than six months after [the] City denied her application for leave to file a late claim, it was untimely filed and should have been dismissed by the court. The court erred by granting her section 946.6 petition."); City of Los Angeles, 14 Cal. App. 4th at 626 ("[P]laintiffs were required to file their petition pursuant to section 946.6 within six months of July 17, 1991, and they failed to do so. Plaintiffs' action for . . . [personal] damages is therefore barred.")

Second, even though "a plaintiff may petition the court [pursuant to Section 946.6] for an order relieving plaintiff from the claims presentation requirement," the court "lacks jurisdiction to grant [such] relief if the application [to file a late claim was, as in the instant case,] filed more than one year after the cause of action accrued." Rubenstein v. Doe No. 1, ––– Cal.Rptr.3d –––, No. D066722, 2016 WL 1109288, at *2 (Cal. Ct. App. Mar. 22, 2016) (citing Cal. Gov't Code, §§ 911.4(b), 946.6). Therefore, even if plaintiffs were to return to the superior court seeking relief from the requirements of the California Government Tort Claims Act, the superior court would lack jurisdiction under Section 946.6 to hear any such petition. Id. Plaintiffs' state law claims accrued in 2012, when defendant ERUSD first allegedly denied them access to the swimming pool. TAC at ¶ 26. Yet plaintiffs did not file their requests to file a late claim for nearly two years, in March and June 2015, respectively. Accordingly, a superior court would "lack[] jurisdiction to grant relief [under section 946.6 because] . . . the application [to file a late

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:15-cv-07147-CAS(ASx) | Date | April 4, 2016 |
| Title | CHAVIRA, ET AL. V. EL RANCHO UNIFIED SCHOOL DISTRICT, ET AL. | | |

claim would be untimely, as it was] filed more than one year after the cause of action accrued."[9] Rubenstein, ––– Cal.Rptr.3d –––, 2016 WL 1109288, at *2.

Therefore, because plaintiffs have failed to comply with the requirements of the California Government Tort Claims Act before filing the instant suit, and because it appears from the facts alleged in the third amended complaint that any remedial efforts would be futile, the Court **DISMISSES WITH PREJUDICE** plaintiffs' state law claims for "general negligence," for "violation of mandatory statutory duties," and for violation

---

[9] On March 23, 2016, plaintiffs filed an ex parte application for leave to file a sur-reply in response to defendants' reply, as well as a request for judicial notice of their untimely applications for permission to file late claims with ERUSD. Dkt. 46-5 ("Sur-Reply"). Defendants filed an opposition to plaintiffs' ex parte request. Dkt. 47. Plaintiffs' ex parte request is hereby **GRANTED**; however, consideration of plaintiffs' sur-reply does not inform a different result here. Specifically, plaintiffs argue in their sur-reply that they have "substantially complied" with the California Government Tort Claims Act's presentment requirements, and therefore should not be barred for failure to file a claim before initiating the instant suit. Plaintiffs similarly argued at the hearing on the instant motion that they have substantially complied with the Act and therefore should not be barred from proceeding on their state law claims. However, the argument that plaintiffs present in their sur-reply, and that they presented at oral argument, is unavailing. Specifically, plaintiffs cite authority holding that minor errors or omissions *within a timely* claim may be forgiven, under the doctrine of "substantial compliance." C.f. Stockett v. Ass'n of Cal. Water Agencies Joint Powers Ins. Auth., 34 Cal. 4th 441, 446 (2004) ("[A] claim need not contain the detail and specificity required of a pleading, but need only 'fairly describe what [the] entity is alleged to have done.' ") (citation omitted). Any such authority is inapposite here, where plaintiffs have failed to submit any claim at all, timely or otherwise. Notably, "filing a request for permission to file a late claim does not constitute the actual filing of a claim." Hill, 2012 WL 787609, at *12. In any event, plaintiffs' application for leave to file a late claim was also untimely, as stated *supra*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-07147-CAS(ASx) | Date | April 4, 2016 |
| Title | CHAVIRA, ET AL. V. EL RANCHO UNIFIED SCHOOL DISTRICT, ET AL. | | |

of the Unruh Civil Rights Act, against defendants ERUSD and Superintendent Galindo in his personal capacity.[10]

### 2. Plaintiffs' Claim Against Galindo in his Individual Capacity for Violation of 42 U.S.C. Section 1983

Defendants argue that plaintiffs' Section 1983 claim against Galindo in his individual capacity must be dismissed because "school districts and their agents cannot be held liable under 42 U.S.C. Section 1983" pursuant to the Ninth Circuit's decision in Belanger v. Madera Unified School District. Motion at 10 (citing Belanger v. Madera Unif. Sch. Dist., 963 F.2d 248, 254-55 (9th Cir. 1992)). In Belanger, the Ninth Circuit held that California school districts are entitled to Eleventh Amendment immunity and thus immune from suit under Section 1983. Id. at 254. Specifically, the Court found that the California school district at issue in the case "[was] an agent of the state that performs

---

[10] While the third amended complaint asserts state law claims against Superintendent Galindo in his personal and individual capacity, the Court notes that failure to comply with the California Government Tort Claims Act bars plaintiffs' state law claims as to both ERUSD *and* Galindo in his personal capacity. "The purpose of the claim procedure is said to be to give the public entity an opportunity for early investigation and thus to settle just claims before suit, to defend unjust claims, and to correct conditions or practices which gave rise to the claim." Briggs v. Lawrence, 230 Cal. App. 3d 605, 612-13 (Ct. App. 1991) (citations omitted). Under California Government Code section 950.2, "a cause of action against a public employee or former public employee [such as defendant Galindo here] for injury resulting from an act or omission in the scope of his employment as a public employee is barred if an action against the employing public entity [i.e., defendant EHUSD] for such injury is [or would be] barred" due to failure to comply with the Tort Claims Act. Cal. Gov't Code § 950.2; see also Lawrence, 230 Cal. App. 3d at 612-13 (because an employee of a public entity who is sued for an act or omission within the scope of his or her employment is entitled to indemnification by the public-entity employer, the Act includes "a requirement that . . . one who sues a public employee on the basis of acts or omissions in the scope of the defendant's employment have filed a claim against the public-entity employer pursuant to the procedure for claims against public entities.") (citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-07147-CAS(ASx) | Date | April 4, 2016 |
|---|---|---|---|
| Title | CHAVIRA, ET AL. V. EL RANCHO UNIFIED SCHOOL DISTRICT, ET AL. | | |

state governmental functions and [because] a judgment would be satisfied out of state funds," California school districts are accordingly "immune to suit under the Eleventh Amendment." Id. In recent years, "not only has every federal district in California cited Belanger and held that school districts are entitled to Eleventh Amendment immunity, but the Ninth Circuit also has continued to rely on Belanger for the proposition that 'a school district cannot be sued for damages under § 1983.'" Sato v. Orange Cnty. Dep't of Educ., No. SACV 15-00311, 2015 WL 4078195, at *5 (C.D. Cal. July 6, 2015) (collecting cases) (quoting C.W. v. Capistrano Unified Sch. Dist., 784 F.3d 1237, 1247 (9th Cir. 2015)). In light of this authority, the Court previously dismissed plaintiffs' Section 1983 claim against defendant ERUSD without prejudice. See November Order.

In the operative third amendment complaint, however, plaintiffs no longer assert a Section 1983 claim against ERUSD. Rather, plaintiffs now assert a claim against defendant Galindo, ERUSD's Superintendent, in his "individual capacity," pursuant to the Supreme Court's decision in Hafer v. Melo, 502 U.S. 21, 25 (1991). See TAC at ¶¶ 13, 100, 116, 122. In Hafer, the Court differentiated between personal and official capacity suits in the context of federal claims under section 1983. See Hafer, 502 U.S. at 26. The Court stated,

> Personal-capacity suits . . . seek to impose individual liability upon a government officer for actions taken under color of state law. Thus, "[o]n the merits, to establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." While the plaintiff in a personal-capacity suit need not establish a connection to governmental "policy or custom," officials sued in their personal capacities, unlike those sued in their official capacities, may assert personal immunity defenses such as objectively reasonable reliance on existing law.

Id. at 25 (citations omitted). Here, because the TAC makes clear that Galindo is being sued in his individual and personal capacity, the Court **DENIES** defendants' motion to dismiss plaintiffs' Section 1983 claim against Galindo under Belanger. See Romano v. Bible, 169 F.3d 1182, 1185 (9th Cir. 1999) ("[Complaint alleged that] while acting under color of state law, the defendants deprived [plaintiff] of a protected property interest in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-07147-CAS(ASx) | Date | April 4, 2016 |
| Title | CHAVIRA, ET AL. V. EL RANCHO UNIFIED SCHOOL DISTRICT, ET AL. | | |

violation of due process. They need to allege nothing more to avoid the Eleventh Amendment's shield."); Ashker v. California Dep't of Corr., 112 F.3d 392, 395 (9th Cir. 1997) ("The Hafer analysis may be applied to Ashker's state law claims . . . Applying this analysis, we conclude [that defendants] were sued in their personal capacities.").

## V. CONCLUSION

In accordance with the foregoing, the motion to dismiss filed by defendants ERUSD and Superintendent Galindo is granted in part and denied in part. Specifically, plaintiffs' state law claims for "general negligence," "violation of mandatory statutory duties," and violation of the Unruh Civil Rights Act, are hereby **DISMISSED WITH PREJUDICE** as to defendants ERUSD and Superintendent Galindo.[11] To the extent defendants seek to dismiss plaintiffs' Section 1983 claim against defendant Galindo in his individual capacity, defendants' motion is **DENIED**.[12]

IT IS SO ORDERED.

| | 00 | : | 08 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

---

[11] As stated *supra* at n.3, the instant motion to dismiss is brought only on behalf of defendants ERUSD and Superintendent Galindo. Plaintiffs have not filed a proof of service for the additional defendants first named in the operative third amended. See Motion at 1. Accordingly, the Court dismisses plaintiffs' state law claims as to ERUSD and Galindo only.

[12] The operative third amended complaint does not assert a Section 1983 claim against ERUSD.